Jack Cullen, WSBA #7330
Bryan Glover, WSBA #51045
Andy Morton, WSBA #49467
Ella Vincent, WSBA #51351
FOSTER PEPPER PLLC
1111 Third Avenue, Suite 3000
Seattle, Washington 98101
Telephone:  (206) 447-4689
Facsimile:  (206) 749-2001
Email:  jc@foster.com
  bryan.glover@foster.com
  andrew.morton@foster.com
  ella.vincent@foster.com
*Attorneys for Debtor Kennewick*
*Public Hospital District*

The Honorable Frederick P. Corbit
Chapter: 9

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WASHINGTON

In Re:

Kennewick Public Hospital District,

                    Debtor.

Case No. 17-02025-9

NOTICE OF APPEAL AND
STATEMENT OF ELECTION

## Part 1. Identify the appellant(s)

1.   Name of appellant(s): Kennewick Public Hospital District.

2.   Position of appellant(s) in the adversary proceeding or bankruptcy case that is the subject of this appeal:

For appeals in an adversary proceeding.

For appeals in a bankruptcy case and not in an adversary proceeding.

☐  Plaintiff
☐  Defendant
☐  Other (described):____

☑  Debtor
☐  Creditor
☐  Trustee
☐  Other (describe): _____

NOTICE OF APPEAL AND
STATEMENT OF ELECTION- 1

**FOSTER PEPPER PLLC**
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52889949.1

17-02025-FPC9    Doc 484    Filed 11/20/17    Entered 11/20/17 16:15:50    Pg 1 of 3

## Part 2. Identify the subject of this appeal

1.  Describe the judgment, order, or decree appealed from: Order Granting Philips Medical Capital, LLC Relief from the Automatic Stay [ECF No. 469], including any and all orders merged or incorporated therein.

2.  State the date on which the judgment, order, or decree was entered: November 14, 2017.

A copy of the order appealed from is attached hereto.

## Part 3. Identify the other parties to the appeal

List the names of all parties to the judgment, order, or decree appealed from and the names, and telephone number of their attorneys (attach additional pages if necessary).

1.  Party: Kennewick Public Hospital District

    Attorney: Jack Cullen
    Bryan Glover
    Andrew H. Morton
    Ella Vincent
    Foster Pepper PLLC
    1111 Third Avenue
    Suite 3000
    Seattle, WA 98101
    (206) 447-4689

2.  Party: Philips Medical Capital, LLC

    Attorney: Bruce J. Borrus
    Fox Rothschild LLP
    1001 Fourth Avenue
    Suite 4500
    Seattle, WA 98154
    (206) 624-3600

    Michael A. Sweet
    Fox Rothschild LLP
    345 California Street
    Suite 2200
    San Francisco, CA 94104
    (415) 364-5540

NOTICE OF APPEAL AND
STATEMENT OF ELECTION- 2

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400   FAX (206) 447-9700

52889949.1

**Part 4. Optional election to have appeal heard by District Court (applicable only in certain districts)**

If a Bankruptcy Appellate Panel is available in this judicial district, the Bankruptcy Appellate Panel will hear this appeal unless, pursuant to 28 U.S.C. § 168(c)(1), a party elects to have the appeal heard by the United States District Court. If an appellant filing this notice wishes to have the appeal heard by the United States District Court, check below. Do not check the box if the appellant wishes the Bankruptcy Appellate Panel to hear the appeal.

☐ Appellant(s) elect to have the appeal heard by the United States District Court rather than by the Bankruptcy Appellate Panel.

**Part 5. Sign below**

/s/ Jack Cullen                               Date: November 20, 2017
Signature of attorney for appellant(s) or
Appellant(s) if not represented by an attorney

Name, address, and telephone number of
attorney (or appellant(s) if not represented by
attorney):

Jack Cullen, WSBA #7330
Bryan Glover, WSBA #51045
Andrew H. Morton, WSBA #49467
Ella Vincent, WSBA #51351
Foster Pepper PLLC
1111 Third Avenue, Suite 3000
Seattle, WA 98101
(206) 479-4689

Fee waiver notice: If appellant is a child support creditor or its representative and appellant has filed the form specified in § 304(g) of the Bankruptcy Reform Act of 1994, no fee is required.

NOTICE OF APPEAL AND
STATEMENT OF ELECTION- 3

FOSTER PEPPER PLLC
1111 THIRD AVENUE, SUITE 3000
SEATTLE, WASHINGTON 98101
PHONE (206) 447-4400  FAX (206) 447-9700

52889949.1

**So Ordered.**

**Dated: November 14th, 2017**

Frederick P. Corbit
Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

In re

KENNEWICK PUBLIC HOSPITAL
DISTRICT, d/b/a Trios Health,

          Debtor.

Case No. 17-02025-FPC9

**ORDER GRANTING PHILIPS
MEDICAL CAPITAL, LLC
RELIEF FROM THE
AUTOMATIC STAY**

THIS MATTER came before the Court on two motions brought by Philips Medical Capital, LLC ("Philips") concerning equipment ("Equipment") leased by Philips to debtor Kennewick Public Hospital District ("Debtor"), pursuant to a Master Lease Agreement and 59 Master Lease Schedules (together, the "Leases"): (1) Philips Medical Capital's Motion for Order Compelling the Debtor to Make Post-Petition Lease Payments Pursuant to 11 U.S.C. § 365(d)(5) (ECF No. 144) and (2) Philips Medical Capital's Motion for Order Granting Relief from the Automatic Stay if the Debtor Does Not Provide Adequate Protection (ECF No.

ORDER GRANTING PHILIPS MEDICAL CAPITAL RELIEF FROM
THE AUTOMATIC STAY - 1

151) (collectively, the "Philips Motions"). The Court considered the two Philips Motions together.

The Court reviewed the files and records herein and was fully advised in the premises.

IT IS ORDERED:

1. There is cause to grant Philips relief from the automatic stay, because: (1) the Debtor is not providing adequate protection of Philip's interest in the Equipment; and (2) the Debtor is using Philip's Equipment without paying just compensation to Philips;

2. Philips is granted relief from the automatic stay, pursuant to 11 U.S.C. § 362(d)(1), and Philips may exercise its contractual rights under the Leases to take possession of and to dispose of the Equipment as set forth in the Remedies section (sec. 14) of the Master Lease Agreement between Philips and the Debtor, attached as Exhibit A to the McAllister Decl. (ECF No. 146), provided, however, that so long as this bankruptcy case is pending, Philips shall not collect from the Debtor a judgment for money, except pursuant to the Bankruptcy Code and the Bankruptcy Rules; and

3. This Order is stayed until the expiration of 14 days after entry of the Order, pursuant to Bankruptcy Rule 4001(a)(3).

The Court has issued Findings of Fact and Conclusions of Law contemporaneously with the entry of this Order.


///END OF ORDER///


ORDER GRANTING PHILIPS MEDICAL CAPITAL RELIEF FROM
THE AUTOMATIC STAY - 2

**So Ordered.**

**Dated: November 14th, 2017**



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

In re

KENNEWICK PUBLIC HOSPITAL
DISTRICT, d/b/a Trios Health,

Debtor.

Case No. 17-02025-FPC9

**ORDER GRANTING PHILIPS
MEDICAL CAPITAL, LLC
RELIEF FROM THE
AUTOMATIC STAY**

THIS MATTER came before the Court on two motions brought by Philips
Medical Capital, LLC ("Philips") concerning equipment ("Equipment") leased by
Philips to debtor Kennewick Public Hospital District ("Debtor"), pursuant to a
Master Lease Agreement and 59 Master Lease Schedules (together, the "Leases"):
(1) Philips Medical Capital's Motion for Order Compelling the Debtor to Make
Post-Petition Lease Payments Pursuant to 11 U.S.C. § 365(d)(5) (ECF No. 144)
and (2) Philips Medical Capital's Motion for Order Granting Relief from the
Automatic Stay if the Debtor Does Not Provide Adequate Protection (ECF No.

ORDER GRANTING PHILIPS MEDICAL CAPITAL RELIEF FROM
THE AUTOMATIC STAY - 1

151) (collectively, the "Philips Motions"). The Court considered the two Philips Motions together.

The Court reviewed the files and records herein and was fully advised in the premises.

IT IS ORDERED:

1.     There is cause to grant Philips relief from the automatic stay, because: (1) the Debtor is not providing adequate protection of Philip's interest in the Equipment; and (2) the Debtor is using Philip's Equipment without paying just compensation to Philips;

2.     Philips is granted relief from the automatic stay, pursuant to 11 U.S.C. § 362(d)(1), and Philips may exercise its contractual rights under the Leases to take possession of and to dispose of the Equipment as set forth in the Remedies section (sec. 14) of the Master Lease Agreement between Philips and the Debtor, attached as Exhibit A to the McAllister Decl. (ECF No. 146),  provided, however, that so long as this bankruptcy case is pending, Philips shall not collect from the Debtor a judgment for money, except pursuant to the Bankruptcy Code and the Bankruptcy Rules; and

3.     This Order is stayed until the expiration of 14 days after entry of the Order, pursuant to Bankruptcy Rule 4001(a)(3).

The Court has issued Findings of Fact and Conclusions of Law contemporaneously with the entry of this Order.

///END OF ORDER///

ORDER GRANTING PHILIPS MEDICAL CAPITAL RELIEF FROM
THE AUTOMATIC STAY - 2

## Notice Recipients

| | | |
|---|---|---|
| District/Off: 0980−2 | User: wendyi | Date Created: 11/14/2017 |
| Case: 17−02025−FPC9 | Form ID: pdf002 | Total: 9 |

**Recipients of Notice of Electronic Filing:**
atyBruce J Borrus     bborrus@foxrothschild.com
atyBruce W Leaverton     leavertonb@lanepowell.com
atyDouglas P Cushing     doug.cushing@jordanramis.com
atyJack Cullen     jc@foster.com
atyKatriana L Samiljan
     ksamiljan@bskd.com,andrew.silfen@arentfox.com,george.angelich@arentfox.com,mark.angelov@arentfox.com,jordana.renert@arentfox.com,Phill
atyRagan L Powers     raganpowers@dwt.com

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**
     Michael Sweet     Fox Rothschild LP     345 California Street, Suite 2200     San Francisco, CA 94104−2734
     Debra Dandeneau     Baker & McKenzie LLP     452 Fifth Avenue     New York, NY 10018
     Jeffrey C Krause     Gibson Dunn & Crutcher LLP     333 South Grand Avenue     Los Angeles, CA
90071−3197

TOTAL: 3

1  Bruce J. Borrus, WSBA No. 11751
   FOX ROTHSCHILD LLP
2  1001 Fourth Avenue, Suite 4500
   Seattle, WA 98154-1192
3  (206) 624-3600
   bborrus@foxrothschild.com
4

Honorable Frederick P. Corbit
Hearing Date: September 6, 2017
Hearing Time: 2:00 p.m.
Response Date: August 30, 2017
Chapter 9

5  Attorney for Philips Medical Capital
   LLC
6

7

8                  UNITED STATES BANKRUPTCY COURT
          FOR THE EASTERN DISTRICT OF WASHINGTON
9

10  In re                                    Case No. 17-02025-FPC9

11  Kennewick Public Hospital District,      **PHILIPS MEDICAL CAPITAL'S
                                             MOTION FOR ORDER
12            Debtor.                        COMPELLING THE DEBTOR TO
                                             MAKE POST-PETITION LEASE
13                                           PAYMENTS PURSUANT TO
                                             11 U.S.C. § 365(d)(5)**
14

15

16       Philips Medical Capital LLC ("PMC") moves for an order compelling the

17  Kennewick Public Hospital District ("KPHD" or "Debtor") to make post-petition

18  payments pursuant to the Master Lease Agreement (attached to the McAllister

19  Decl. as Exhibit A) and forty-four of the fifty-nine Master Lease Schedules

20  (attached to the McAllister Decl. as Exhibits B-1 through B-59). The Motion is

21  made in accordance with Bankruptcy Code section 365(d)(5) and Local

22  Bankruptcy Rule 6006-1. This Motion is supported by the Declaration of Charles

23  McAllister and the Declaration of Robert Nelson Herb.

## I.    JURISDICTION

25       This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and

26  1334. This matter is a core proceeding within the meaning of 28 U.S.C.

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-
PETITION PAYMENTS... - (No. 17-02025) - 1

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

029725\00048\50284506.v3

1  § 157(b)(2).  Venue of this chapter 9 case and the Motion are proper before this

2  Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    INTRODUCTION

PMC leases diagnostic imaging equipment, patient monitoring equipment,
and clinical IT systems to hospitals and other medical facilities

PMC and KPHD are parties to a Master Lease Agreement, dated
December 7, 2011.  KPHD and PMC entered into a number of Master Lease
Schedules ("Schedules"), each of which incorporates the terms of the Master Lease
Agreement but each of which constitutes an independent lease.

At present, there are fifty-nine Schedules outstanding between PMC and
KPHD.  Of the fifty-nine schedules, fifteen are security interest transactions as
described by section 1-203 of the Uniform Commercial Code ("UCC").  These
fifteen Schedules (the "Security Interest Transactions") are not true leases, because
they contain a provision permitting KPHD to purchase the equipment at the
expiration of the lease term for $1.00.[1]  This Motion addresses the other forty-four
Schedules (collectively, the "True Leases") that contain a provision permitting
KPHD to purchase the equipment at the end of the lease term "for a purchase price
equal to the fair market value of the System as of the Term Expiration Date."[2]

Attached as Exhibit C to the McAllister Decl. is a list of all of the Schedules,
both the fifteen Security Interest Transactions and the forty-four True Leases.  The
total amount currently due each month on the forty-four True Leases is
$196,150.08.  KPHD has not made any payments on the Schedules since March
2017.

---

[1] The fifteen Security Interest Transactions are Schedule Nos. 4, 7, 19, 23, 27, 33, 40, 56, 57, 58, 60, 62, 63, 67, and 74.

[2] The forty-four True Leases are Schedule Nos. 1, 5, 11, 12, 15, 20, 24, 25, 26, 30, 32, 34, 35, 36, 37, 38, 39, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 59, 61, 64, 65, 66, 69, 71, 72, 73, 75, 76, and 77.

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-
PETITION PAYMENTS... - (No. 17-02025) - 2

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

029725\00048\50284506.v3

### III.   SUMMARY OF ARGUMENT

PMC seeks an order compelling the Debtor to make timely monthly payments on the forty-four True Leases commencing with the payments due on September 1, 2017.  Bankruptcy Code § 365(d)(5) requires the trustee to timely perform all of the obligations of the debtor under an unexpired lease of personal property "first arising from or after 60 days after the order for relief" until the lease is assumed or rejected.  Section 365 applies in chapter 9 cases.  11 U.S.C. § 901.  In a chapter 9 case, "trustee" means "debtor."  11 U.S.C. § 902(5).  Section 365(d)(5) requires KPHD to make lease payments on the first day of each month beginning with the payments due on September 1, 2017, 62 days after the date of the order for relief.

PMC anticipates that the Debtor will argue that it can continue to use the PMC equipment without making payments by alleging that the True Leases are disguised security agreements.  The Debtor will be unable to sustain its burden of proof on this issue for three reasons:

1.   The True Leases all provide in paragraph 8 that KPHD has the option to purchase the leased equipment at the expiration of the lease by paying a purchase price equal to the equipment's fair market value;

2.   The useful life of the equipment exceeds the lease term; and

3.   At the end of the lease term, the equipment has significant residual value to the lessor.

### IV.   ARGUMENT

**A.   The Debtor must pay post-petition rent due after the 60th day, and the Debtor must provide adequate protection.**

Section 365(d)(5) of the Bankruptcy Code provides that the trustee or debtor-in-possession "shall timely perform all of the obligations of the

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-
PETITION PAYMENTS... - (No. 17-02025) - 3

029725\00048\50284506.v3

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

debtor . . . first arising from or after 60 days after the order for relief in a case under chapter 11 of this title under an unexpired lease of personal property . . . until such lease is assumed or rejected notwithstanding Section 503(b)(1) of this title." 11 U.S.C. § 365(d)(5).  Subsection 365(d)(5), like all of the subsections of section 365, applies in chapter 9 cases.  11 U.S.C. § 901(a).

Judge Overstreet discussed section 365(d)(5) [then codified at § 365(d)(10)] in the *Ernst* case.

> Section 365(d)(10) was an attempt to give personal property lessors some of the protections accorded real property lessors under Section 365(d)(3).  Pursuant to subsection (10) [now subsection (5)], the debtor must commence timely payments due under a personal property lease to the lessor 60 days after the order for relief is entered in the case.  The court may order otherwise, but this must be upon the motion of the debtor, not the lessor.  The intent of this new subsection was to retain the debtor's breathing period to make an informed decision about assumption or rejection of personal property leases, while assuring the lessor that after 60 days it will receive its lease payments without having to demonstrate actual benefit to the estate.

*In re Ernst Home Center, Inc.*, 209 B.R. 955, 965 (Bankr. W.D. WA 1997).

Monthly lease payments are also necessary for the Debtor to provide adequate protection of PMC's interest in the leased equipment.  "Courts have generally held that a lessor's adequate protection rights in the case of personal property are defined by 11 U.S.C. § 365(d)(10)."  *In re Rebel Rents, Inc.*, 291 B.R. 520, 532 (Bankr. C.D. Cal. 2003).

Section 365(d)(5) requires the Debtor to make timely payments on the first day of each month after sixty days from the date of the order for relief.  PMC requests that this Court enforce section 365(d)(5) and issue an order compelling the Debtor to make timely monthly payments to PMC, beginning with the payments

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-
PETITION PAYMENTS... - (No. 17-02025) - 4

029725\00048\50284506.v3

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

due on September 1, 2017.  The total of the current monthly payments due on the forty-four True Leases is $196,150.08.[3]

**B.** **The Forty-four Lease Schedules Are True Leases.**

    1.    <u>The Debtor has the burden of proving that the True Leases are disguised security agreements.</u>

Cases addressing whether a transaction is a true lease or a disguised security agreement uniformly hold that the party asking the court to characterize a lease as something other than what it purports to be has the burden of proof.  *E.g.*, *In re Uni Imaging Holdings, LLC*, 423 B.R. 406, 414 (Bankr. N.D. NY 2010); *In re Gateway Ethanol, LLC*, 415 B.R. 486, 498 (Bankr. D. Kansas 2009); *In re QDS Components, Inc.*, 292 B.R. 313, 321-22 (Bankr. S.D. Ohio 2002).

Each of the forty-four True Leases states that it is a lease.  For example, Master Lease Schedule No. 01 states in the first sentence:  "This Master Lease Schedule No. 1 ("Lease Schedule"), dated as of December 7, 2011, constitutes an independent lease incorporating the terms and conditions of the Master Lease Agreement ("Agreement"), dated as of December 7, 2011 by and between PHILIPS MEDICAL CAPITAL, LLC ("Lessor") and Lessee."  McAllister Decl. Ex. B-1.  A similar sentence begins each of the Master Lease Schedules. McAllister Decl. Exs. B-1 through B-59.

    2.    <u>Each of the forty-four True Leases is a true lease under UCC § 1-203.</u>

*In re Uni Imaging Holdings, LLC*, 423 B.R. 406 (Bankr. N.D. NY 2010) addressed the question whether a PMC lease for magnetic resonance imaging equipment is a secured transaction or a true lease.  *Uni Imaging Holdings* ruled that the PMC lease was a true lease.

---

[3] The monthly payments due on several of the Schedules will increase in coming months.  McAllister Decl. Ex. C.

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-
PETITION PAYMENTS... - (No. 17-02025) - 5

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

029725\00048\50284506.v3

1    The court applied Pennsylvania law, specifically the Uniform Commercial

2    Code provision titled Determination of Lease or Security Interest. The statute at

3    the time of the *Uni Imaging Holdings* case, 13 Pa. C.S.A. § 1201(5), is

4    substantially similar to the current law, 13 Pa. C.S.A. 1203, which is substantively

5    identical to UCC § 1-203.

6       *Uni Imaging Holdings*, like other courts addressing the question whether a

7    transaction is a lease or a security interest under UCC § 1-203, first applied what is

8    often called the "Bright-Line Test." 423 B.R. at 498. Under the Bright Line Test

9    the court compares the specific provisions of the lease to statutory criteria set forth

10   in UCC § 1-203(b).

11      UCC § 1-203(b)(4) directs attention to purchase options in the lease. Each

12   of the True Leases contains a purchase option that permits KPHD, at the end of the

13   lease term, to purchase the equipment for a price equal to the fair market value of

14   the equipment as of the Lease Termination Date. The fair market value of the

15   PMC equipment at the end of the lease term is not nominal—it is substantial. The

16   fair market value of the equipment is set forth in Exhibit 1 of the Declaration of

17   Robert Nelson Herb ("Herb Decl.")

18      The Bright Line Test does not conclude the inquiry. If the Debtor cannot

19   prove that the lease is a security agreement under the Bright Line Test, the court

20   examines whether the lessor retains "a meaningful residual interest at the end of

21   the lease term." *Uni Imaging Holdings, LLC*, 423 B.R. at 414.

22          "The hallmark of a lease is that it grants the lessee the
23          right to use property for a period less than its economic
            life with the concomitant obligation to return the property
24          to the lessor while it retains some substantial economic
            life." (quoting *QDS Components*, 292 B.R. at 322). In
25          other words, "the lessor retains an economically
            meaningful residual interest in the leased property."
26          (quoting *QDS Components*, 292 B.R. at 331.

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-
PETITION PAYMENTS... - (No. 17-02025) - 6

029725\00048\50284506.v3

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1    *Uni Imaging Holdings*, 423 B.R. at 416 quoting *Gateway Ethanol*, 415 B.R. at 499.

2       *Duke Energy Royal, LLC v. Pillowtex Corporation (In re Pillowtex, Inc.)*,

3    349 F.3d 711 (3rd Cir. 2003), is an example of a case in which the debtor failed to

4    sustain its burden of proof under the Bright Line Test but ultimately prevailed by

5    showing that the lessor had no "meaningful residual interest" at the expiration of

6    the lease term.  As will be observed in the paragraphs that follows, the lease and

7    the facts in *Pillowtex* are both materially different from terms of the PMC True

8    Leases and the facts in this case.

9       *Pillowtex* began its legal analysis by noting that whether a transaction is a

10   true lease or a security agreement is a question of state law, and that the burden of

11   proof is on the party seeking to characterize the transaction as a secured financing

12   arrangement rather than a lease.  349 F.3d at 716.  *Pillowtex* then applied the

13   Bright Line Test and concluded that the transaction was not a disguised security

14   agreement under the Bright Line Test.  349 F.3d at 718.  *Pillowtex* then went on to

15   consider the economic realities of the transaction.  *Pillowtex* cited *Edison Bros.* for

16   the proposition that in a true lease the lessor will have "a substantial residual

17   value" at the end of the lease term.  349 F.3d at 720 *citing In re Edison Bros.*

18   *Stores, Inc.*, 207 B.R. 801, 818 (Bankr. D. Del. 1997).  Other courts use the phrases

19   "meaningful reversionary interest" or "meaningful economic residual."  *E.g., Uni*

20   *Imaging Holdings*, 423 B.R. at 418.  *Pillowtex* concluded that the lessor did not

21   have a meaningful residual interest, because under its agreement the lessor was

22   responsible for all costs and expenses in removing its lighting fixture equipment

23   **and** for replacing the lessee's lighting fixture equipment with other equipment

24   similar to the equipment that was previously in place.  329 F.3d at 714.  In

25   addition, the uncontroverted evidence established "that there was little (if any)

26   market value for used lighting fixtures."  329 F.3d at 720.  *Pillowtex* stated that "it

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-
PETITION PAYMENTS... - (No. 17-02025) - 7

029725\00048\50284506.v3

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

17-02025-FPC9    Doc 144    Filed 08/11/17    Entered 08/11/17 12:45:01    Pg 7 of 11

1  would have made no economic sense for [the lessor] to spend large amounts of

2  money to reclaim the fixtures, especially in the face of poor resale prospects." 349

3  F.3d at 721. *Pillowtex* concluded that the cost of retrieving the lighting fixtures

4  and their poor market value rendered the lessor's residual interest negligible. 349

5  F.3d at 723.

6       The PMC True Leases are distinguishable from the leases at issue in

7  *Pillowtex* in three significant respects. First, in *Pillowtex* the lessor was

8  responsible for replacing the lessee's lighting fixtures if the lessor removed the

9  lighting fixtures at the end of the lease. The PMC Master Lease does not require

10  PMC to replace KPHD's equipment. Second, in *Pillowtex*, the lessor was

11  responsible for the costs of removing the lighting fixtures and of repairing

12  damages. The PMC Master Lease requires KPHD "at its sole expense" to uninstall

13  the equipment, box it, and ship it to a location designated by PMC. Third, in

14  *Pillowtex*, the used lighting fixtures had "little (if any) market value." 349 F.3d at

15  720. The medical equipment described in each of the forty-four True Leases

16  retains significant resale value at the end of the lease term. Herb Decl.

17       Each of the forty-four True Leases is a true lease under UCC § 1-203 for

18  three reasons.

19          1.    If the Debtor wants to purchase the leased equipment at the

20                expiration of the lease term, the Debtor must pay a price equal

21                to the fair market value of the equipment.

22          2.    The economic life of the equipment is longer than the term of

23                the lease.

24          3.    At the expiration of the lease, the lessor retains significant

25                residual value.

26

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-
PETITION PAYMENTS... - (No. 17-02025) - 8

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

029725\00048\50284506.v3

**C.     The _Elder-Beerman Stores_ provisional remedy is a balanced model.**

The Debtor has made no payments to PMC since March 2017, and it is in the Debtor's interest to continue to use the PMC equipment without paying for it. PMC anticipates that the Debtor will argue that it should not be compelled to make any payments to PMC until the Court rules on the true lease/security interest issue.

_In re Elder-Beerman Stores Corp._, 201 B.R. 759 (Bankr. S.D. Ohio 1996), provides a model of adequate protection during the period in which the parties were litigating. The bank filed a motion to compel payment of post-petition lease obligations. In response, the debtor commenced an adversary proceeding by filing a Complaint for Declaratory Judgment seeking a ruling that the bank's Master Lease Agreement was not a true lease but a security agreement.

_Elder-Beerman Stores_ addresses the question "whether a debtor may avoid the obligation under 11 U.S.C. § 365(d)(10) [now § 365(d)(5)] to 'timely perform all of the obligations . . . first arising from or after 60 days after the order for relief . . . under an unexpired lease of personal property' while awaiting a court determination of whether the transactions in question are leases or security agreements." 201 B.R. at 761. The court decided the question in favor of the lessor.

> [W]here the debtor is faced with agreements unambiguously titled as "leases," the debtor may not circumvent the requirements of § 365(d)(10) while challenging the nature of the agreements.

201 B.R. at 764.

The parties in _Elder-Beerman Stores_ reached an agreement that balanced their interests. They agreed that the debtor would make its payments into an escrow account at a separate financial institution. The agreement protected the debtor in the event that the court later decided that the agreements were not true

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-PETITION PAYMENTS... - (No. 17-02025) - 9

029725\00048\50284506.v3

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

17-02025-FPC9     Doc 144     Filed 08/11/17     Entered 08/11/17 12:45:01     Pg 9 of 11

1   leases, and the agreement protected the bank in the event that the court later

2   decided that the agreements were true leases but the debtor could not pay the post-

3   petition rents because it was administratively insolvent.  201 B.R. at 765.

4       *Elder-Beerman Stores* concluded:

5           It is therefore the conclusion of the court that the Debtors
6           must perform all obligations under § 365(d)(10) until
            given leave by the court to do otherwise.  Thus until the
7           resolution of the underlying issues in the pending
            adversary proceeding, the Debtors are ordered to make
8           all payments that have come or will come due after the
            expiration of the 60-day post-petition abeyance period.

9           The Debtors are directed to establish a separate interest-
10          bearing escrow account at a financial institution other
            than Star Bank, with a provision requiring the payment of
11          the account funds in conformity with this court's
            resolution of *The Elder-Beerman Stores Corp. v. Star*
12          *Bank, N.A.*, Adversary Proceeding 96-3070.  The
            contents of this account are to be considered the property
13          of Star Bank, subject only to a decision adverse to Star
            Bank in the above-mentioned adversary proceeding.

14  201 B.R. at 765.

15      If this Court is not yet ready to rule that the True Leases are true leases,

16  PMC requests that the Court enter an order substantially similar to the order in

17  *Elder-Beerman Stores*, requiring the Debtor to deposit its monthly lease payments

18  into an escrow account pending a final decision.

19              V.      **RELIEF REQUESTED**

20      PMC respectfully requests that the Court enter an order, pursuant to 11

21  U.S.C. § 365(d)(5), compelling the Debtor to make timely monthly payments,

22  beginning with the payments due on September 1, 2017, under the forty-four True

23  Leases until the True Leases are assumed or rejected.

24

25

26

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-
PETITION PAYMENTS... - (No. 17-02025) - 10

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

029725\00048\50284506.v3

1    DATED this 11th day of August, 2017.

2                                    FOX ROTHSCHILD LLP

3

4                                    By   /s/

5                                         Bruce J. Borrus, WSBA No. 11751
                                          Attorneys for Philips Medical
6                                         Capital LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

MOTION FOR ORDER COMPELLING DEBTOR TO MAKE POST-
PETITION PAYMENTS... - (No. 17-02025) - 11

029725\00048\50284506.v3

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1

2

3

4

5

6

7

8

9      UNITED STATES BANKRUPTCY COURT
10     FOR THE EASTERN DISTRICT OF WASHINGTON

11  In re                              Case No. 17-02025-FPC9

12  Kennewick Public Hospital District,  **[PROPOSED] ORDER
13                                       GRANTING PHILIPS
14                                       MEDICAL CAPITAL'S
    Debtor.                             MOTION FOR ORDER
15                                       COMPELLING THE DEBTOR
16                                       TO MAKE POST-PETITION
                                         PAYMENTS PURSUANT TO
17                                       11 U.S.C. § 365(d)(5)**

18

19

20         THIS MATTER came before the Court on Philips Medical Capital's Motion

21  for Order Compelling the Debtor to Make Post-Petition Payments Pursuant to 11

22  U.S.C. § 365(d)(5) ("Motion"). The Court considered the Motion and pleadings filed

23  in response to the Motion, if any. Being fully advised in the premises.

24         The Court hereby ORDERS that the Motion is GRANTED, and Kennewick

25  Public Hospital District is ordered to make timely monthly payments, beginning with

26

[PROPOSED] ORDER GRANTING PHILIPS MEDICAL CAPITAL'S
MOTION COMPELLING DEBTOR TO MAKE POST-PETITION
PAYMENTS (No. 17-02025) - 1

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

029725\00048\50454800.v1

the payments due on September 1, 2017, under the forty-four True Leases (as defined in the Motion) until the True Leases are assumed or rejected.

///END OF ORDER///

PRESENTED BY:

FOX ROTHSCHILD LLP

By: /s/ Bruce J. Borrus_____
      Bruce J. Borrus, WSBA #11751
      Attorneys for Pacific Medical Capital LLC

[PROPOSED] ORDER GRANTING PHILIPS MEDICAL CAPITAL'S
MOTION COMPELLING DEBTOR TO MAKE POST-PETITION
PAYMENTS (No. 17-02025) - 2

029725\00048\50454800.v1

**FOX ROTHSCHILD LLP**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600